IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                       Criminal Action No. 1:23-CR-70
                            (Judge Kleeh)

JACK LEE OLIVER,

       Defendant.

**MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 40], DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [ECF NO. 27], AND OVERRULING DEFENDANT'S OBJECTIONS [ECF NO. 44]**

Pending before the Court is Defendant Jack Lee Oliver's *Motion to Suppress Evidence with Authorities* [ECF No. 27] and the *Report and Recommendation Recommending that Defendant's Motion to Suppress [ECF No. 27] Be Denied* [ECF No. 40]. Defendant Oliver filed objections to the R&R. ECF No. 44. For the reasons discussed herein, the R&R is **ADOPTED**, the motion to suppress is **DENIED**, and the objections are **OVERRULED**.

## I.   FACTUAL BACKGROUND

Defendant operated Insurance Depot, where he was a paid tax preparer and sold insurance. Defendant caught the attention of the Internal Revenue Service's ("IRS") Scheme Development Center ("SDC"), which examines prepared tax returns for patterns which could indicate problems with the returns. The SDC flagged Defendant because a high number of the tax returns claimed refunds and

included tax forms Schedule C and Schedule F. The Schedule C is a tax form used to report business income or loss and a Schedule F is a tax form used to report income earned from farming or agricultural activities. Because the percentage of Defendant's returns with Schedule C and Schedule F forms was higher than the West Virginia and national average, SDC investigators suspected that Defendant was preparing income tax forms with false Schedule C and Schedule F forms. The investigators believed that Defendant used the false forms to qualify clients for additional income credits and to generate refunds.

Based upon these suspicions, the SDC conducted an undercover investigation of Insurance Depot, using an agent posing as a new client. Defendant originally prepared a tax return consistent with information provided, which indicted the undercover agent ("UCA") owed $138.00. However, Defendant then told the UCA that he would see what else he could do for him and would get him a refund. Defendant then prepared a second tax form with additional information based upon the UCA's claimed handyman side work. The UCA told Defendant that he had done handyman work for friends and had been paid in six-packs of beer and a maybe a couple hundred of dollars. Defendant also asked about the UCA's utility and vehicle expenses. From this, the Government alleges, Defendant generated a tax return for the undercover operative which included a false Schedule C that reflected gross receipts in the amount of

2

$1,200.00, and expenses in the amount of $6,999.00. This reflected a supposed net loss of $5,790.00, causing the UCA's taxable income to be lowered. Ultimately, this resulted in a false tax return showing that the IRS owed the UCA a tax refund in the amount of $558.00.

Following the undercover investigation, the SDC obtained a search warrant for Defendant's office and seized physical documents and electronic records. The search warrant application was 33 pages in length, including a 28-page affidavit by IRS Special Agent Brandon Pritt, a description of the place to be searched, and a description of the items to be seized. Special Agent Pritt's affidavit included background on Defendant's business, a summary of the returns Defendant prepared from 2018 to 2020, a summary of Defendant's personal filing information, and the undercover operation. Magistrate Judge Michael J. Aloi signed the search warrant on April 13, 2022.

## II.  <u>PROCEDURAL HISTORY</u>

The Defendant, Jack Lee Oliver ("Oliver" or "Defendant"), was indicted on December 5, 2023, of three counts of Filing False Tax Return, in violation of Title 26, United States Code, Section 7206(1) and twenty-nine counts of Aiding and Abetting in Preparation of False Tax Return, in violation of Title 26, United States Code, Section 7206(2). ECF No. 1. Counts 29 through 32 of the indictment were dismissed without prejudice. ECF No. 56. On

February 23, 2024, Defendant filed the subject *Motion to Suppress Evidence with Authorities* [ECF No. 27], arguing that the search warrant was not supported by probable cause due to an error in Paragraph 48 of Special Agent Pritt's affidavit. By Order dated February 27, 2024, the Court referred the motion to Magistrate Judge Michael J. Aloi to conduct a hearing and enter a report and recommendation as to the disposition of the motion [ECF No. 29]. The Government filed its response in opposition to the suppression motion on February 27, 2023. ECF No. 28.

Thereafter, the magistrate judge conducted a hearing on Defendant's Motion on April 2, 2024, at which time the Court heard witness testimony, accepted exhibits into evidence, and heard the argument of counsel for both Defendant and the Government. On April 22, 2024, Magistrate Judge Aloi issued a Report and Recommendation ("R&R") [ECF No. 40], recommending that Defendant's Motion [ECF No. 27], be denied. The parties were given fourteen (14) days to file specific written objections to the R&R. Defendant filed objections to the R&R on May 3, 2024 [ECF No. 44].

### III.   <u>STANDARD OF REVIEW</u>

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. <u>Dellarcirprete</u>

v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### IV.  DISCUSSION

Defendant objects to the magistrate judge's finding that the incorrect information contained in Paragraph 48 of the affidavit was a mistake and was immaterial to the probable cause determination.

### a.    Applicable Law

The Fourth Amendment to the United States Constitution provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

When the sufficiency of a search warrant and its supporting affidavit is challenged, the Court reviews the issuance of the warrant de novo. United States v. Zenone, 153 F.3d 725, at *8 (4th Cir. Aug. 10, 1998) (table) (citations omitted). "In deciding whether a search warrant is supported by probable cause, the first

question is 'whether the items to be seized are evidence of criminal activity, ... and second, ... "whether it is reasonable to believe that the items to be seized will be found in the place to be searched."'" United States v. Parrish, No. 1:19-CR-30, 2019 WL 5166212, *4-5 (N.D.W. Va. Oct. 15, 2019), aff'd, 843 F. App'x 518 (4th Cir. 2021) (citing United States v. Wienke, 733 F. App'x 65, 69 (4th Cir. 2018) (unpublished) (per curiam)). In this review, "great deference is ... given to a magistrate's assessment of facts when making a determination of probable cause." Id. at *4. "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996) (citing United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990)).

"Courts are not to invalidate warrants based on a 'hypertechnical, rather than. . .commonsense,' interpretation of an affidavit. Illinois v. Gates, 462 U.S. 213, 236 (1983). The Court must determine whether a 'substantial basis' exists for the magistrate's decision." Parrish, 2019 WL 5166212, at *4 (internal citations omitted). The Court thus must apply a "'totality-of-the-circumstances' test to determine whether probable cause supported a search warrant." Id. (citing Gates, 462 U.S. at 238).

There is a strong "presumption of validity with respect to [an] affidavit supporting [a] search warrant." Franks v. Delaware,

6

438 U.S. 154, 171 (1983). Nevertheless, the Supreme Court "carved out a narrow exception to this rule." United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). Specifically, the Court held that where a defendant can support "allegations of deliberate falsehood or of reckless disregard for the truth" with an offer of proof, Franks, 631 F.3d at 171, he or she is "entitled to an evidentiary hearing on the veracity of statements in the affidavit," Allen, 631 F.3d at 171.

"Defendants may bring Franks challenges both when an affidavit contains a false statement and when the affiant has omitted material facts from the affidavit." United States v. Wharton, 840 F.3d 163, 167 (4th Cir. 2016). As "allegations of 'negligence or innocent mistake are insufficient, .... [t]he burden of making the necessary showing is thus a heavy one to bear.'" United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). "Even if a defendant can demonstrate the requisite intentionality or recklessness in the omission of certain information, he must still demonstrate that probable cause would be defeated by its inclusion." United States v. Houdersheldt, No. CR 3:19-00239, 2020 WL 1169757, at *2-4 (S.D.W. Va. Mar. 10, 2020).

If a Court concludes that "a Franks hearing is appropriate and an affiant's material perjury or recklessness is established by a preponderance of the evidence, the warrant 'must be voided' and evidence or testimony gathered pursuant to it must be

excluded." <u>United States v. Colkley</u>, 899 F.2d 297, 300 (4th Cir. 1990) (quoting <u>Franks</u>, 438 U.S. at 156).

    **b.**  **<u>Analysis</u>**

The crux of Defendant's objection to the subject search warrant revolves around Paragraph 48 of Special Agent Pritt's affidavit. Paragraph 48 contains a chart which purports to compare the line items that should have been entered on the undercover agent's tax return form with those which were entered on the return prepared by Defendant. ECF No. 28-1. The affidavit states that the accurately prepared return would have a "Schedule C loss" of $0.00, while the return prepared by Defendant had a $5.790.00 Schedule C loss.

Defendant argues that this representation in the affidavit is materially false because a correctly prepared return would have reported some business income from the UCA's side jobs. ECF No. 44. Because the UCA had some side income, Defendant contends that the paragraph cannot be used to support that Defendant was engaged in a scheme to declare non-business income as business income. Thus, without Paragraph 48, Defendant argues that the affidavit lacked probable cause to issue a search warrant.

During the suppression hearing, Special Agent Pritt testified that the UCA developed the story about the handyman side business during the undercover interaction with Defendant. Thus, that information had not been included in the mock return, prepared by

the IRS prior to the operation. Special Agent Pritt did not have an updated mock tax return prepared after the operation. ECF No. 40.

The Government acknowledges that Paragraph 48 contains a mistake because the mock return figures do not include a modest amount of "other income." ECF No. 55. However, the Government contends that the affidavit correctly states that had Defendant accurately prepared a tax return for the UCA, there would not have been a Schedule C loss because the claimed side work was not done for the primary purpose of income or profit or done with continuity or regularity. Id. Furthermore, the Government contends that even without Paragraph 48, probable cause existed to show Defendant was engaged in a pattern of aiding and abetting the filing of false tax returns. Id.

The Court agrees with the Magistrate Judge and the Government that the search warrant was supported by probable cause and that Defendant has not made a sufficient showing for a Franks hearing. Special Agent Pritt did not omit Schedule C income from the "Accurately Prepared Return" column in the chart in Paragraph 48. Rather, he did not amend the mock return, following the operation, to add an additional row for "other income" to reflect the approximate $200 the UCA claimed he earned through side work. This minor mistake does not change the fact that Defendant allegedly included a false Schedule C with a net loss of $5,790.00. There is

no evidence that Special Agent Pritt's failure to amend the chart in Paragraph 48 was done intentionally or with a reckless disregard for the truth. This innocent mistake is insufficient to bring a successful <u>Franks</u> challenge.

As the chart purports, the "Accurately Prepared Return" would have no Schedule C loss because the UCA's side work was not a for-profit business that operated consistently.[1] Thus, the exclusion of the couple hundred dollars of "other income" has no bearing on whether there was probable cause to support that Defendant filed false tax returns – in this instance with false Schedule C forms. And as pointed out in the R&R, inclusion of the "other income" would have only increased the discrepancy between the amount the UCA actually owed in taxes and the amount Defendant's prepared return claimed in a refund.

Moreover, excluding Paragraph 48 would still not defeat probable cause. As the Magistrate Judge explained, the affidavit included abundant background information about how the IRS first became suspicious of Defendant, how it had investigated Defendant to that point, and how it intended to continue its investigation upon issuance of the search warrant. ECF No. 40. Without Paragraph 48, the affidavit still explained how the statistical analysis of

---

[1] Defendant does not readily dispute in his objections to the R&R that the undercover agent's handyman side work qualifies as a for-profit business that operated consistently, necessitating a Schedule C form.

Defendant's tax returns raised suspicions, and Paragraph 47 contains particulars about how the Schedule C which Defendant allegedly prepared is false. ECF No. 28-1. Thus, the error was not material, and the search warrant was supported by sufficient probable cause.

### V.    CONCLUSION

In conclusion, the affidavit describing the investigation and undercover operation provided sufficient probable cause that Defendant was engaged in a scheme of purposely preparing and filing false tax returns for his clients. For the reasons discussed herein, the R&R is **ADOPTED** [ECF No. 40], Defendant's objections to the R&R are **OVERRULED** [ECF No. 44], and the motion to suppress is **DENIED** [ECF No. 27].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record and all appropriate agencies.

DATED: May 23, 2024

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA